**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **ROBERT ANDY FABER** | : | **DOCKET NO. 19-cv-0199** |
| **#86204-004** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **USA, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an original and two amended complaints [docs. 4, 9, 11] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), and, alternatively, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.,* by Robert Andy Faber, who is proceeding *pro se* and *in forma pauperis* in this matter.

Faber is currently living in a halfway house in Kalamazoo, Michigan. He filed this suit while he was an inmate in the custody of the Bureau of Prisons ("BOP") incarcerated at the Federal Correctional Institute in Miami.  His complaint relates to events that allegedly occurred at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO") and in Kalamazoo, Michigan.  He names as defendants the United States of America, United States Probation Officer Terrance Smith, Heather Howard, former HSA at FCIO, and Joel Alexander, Medical Director at FCIO. The claims against Terrance Smith will be addressed in this Report and Recommendation[1].

---

[1] Claims against the United States and the FCIO defendants are addressed in a separate ruling.

# I.
## BACKGROUND

On June 1, 2010, Faber entered a plea of guilty to one count of receiving child pornography in interstate commerce, and on October 7, 2010, he was sentenced to a term of imprisonment of 87 months and three years of supervised release. *See USA v. Faber,* Docket Number 2:05-cr-0053 (W.D. Mich. 10/18/2005), Doc. 63. Plaintiff alleges that on May 15, 2014, while incarcerated at FCIO, he was injured while working in the "vo-tech back greenhouse," and has suffered from a hernia since that date. Doc. 1, p. 1. He contends that the staff at FCIO failed to treat his hernia or properly medicate him. Doc. 9, p. 3. ¶ IV. He alleges that he was given large amounts of aspirin for the pain, causing him to later cough and vomit blood. Doc. 1, p. 2.[2]

On October 13, 2015, Faber was released to the Western District of Michigan on supervised release. *USA v. Faber, supra*, at doc. 69. He alleges that at that time, Probation Officer Terrance Smith knew of the hernia and "committed medical abuse against Faber by forcing Faber to remain in pain and also denying Faber his right to treatment for Faber's hernia." Doc. 1, p. 1. He alleges that Smith "went as far as to stop Faber from getting surgery to the point Faber was coughing up blood at the halfway house." *Id.*

On November 20, 2018, the Court revoked plaintiff's supervised release (for a second time) and sentenced him to a term of six months imprisonment and a term of supervised release of 18 months. *USA v. Faber, supra,* at doc. 145. At that time, he began his term of imprisonment at

---

[2] Plaintiff first filed suit in this Court raising claims related to his hernia and the failure of FCIO staff to provide medical treatment, on September 17, 2015. *See Robert Andrew Faber v. USA, et al,* Civil Action 15-2382 (W.D. La. 2015). That matter, filed under the FTCA and naming as defendants several individuals, including Heather Howard and Joel Alexander, was dismissed without prejudice, as Faber failed to state a viable FTCA claim against the individual defendants.

Miami FCI, which is where he was incarcerated at the time of the filing on the suit presently before this Court.

On or about April 30, 2019, he was released to a halfway house in Kalamazoo, Michigan, where he currently resides. Doc. 17.

## II.
### LAW & ANALYSIS

Faber's Complaint alleges an Eighth Amendment claim against Terrance Smith, United States Probation Officer in the Western District of Michigan. A defendant must have purposefully established minimum contacts within the forum state before personal jurisdiction will be found to be reasonable and fair. *Int'l Shoe Co. v. Washington*, 66 S. Ct. 154 (1945). A federal district court may only exercise personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A).

Louisiana's long-arm statute provides, in pertinent part:

A.  A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:

(1) Transacting any business in this state.

(2) Contracting to supply services or things in this state.

(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.

(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

(5) Having an interest in, using or possessing a real right on immovable property in this state.

(6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.

(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.

(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

La. R.S. §13:3201.

Faber's only allegations against Smith are that he "continued the lack of medical care" and stopped him from getting surgery in Michigan, while Faber was in the halfway house, in Michigan. He has not alleged facts, nor has he provided evidence, to suggest that Smith maintained the sort of systematic and continuous contacts with Louisiana that would establish personal jurisdiction.

Accepting Faber's factual allegations as true, his *Bivens* claims against the FCIO Defendants arise from the medical care, or lack thereof, provided to him while he was incarcerated at FCIO, and his *Bivens* claims against Smith arise from the medical care, or lack thereof, provided to him while he was on supervised release in Michigan.  The alleged incidents underlying his claims occurred at different times and in different states.  The claims against the FCIO Defendants can be resolved regardless of the outcomes of the claims against Smith, and vice versa.

Faber's *Bivens* claim against the Smith should be severed and transferred, as opposed to dismissed. *See Weaver v. United States,* No. 17-657, 2018 U.S. Dist. LEXIS 160146, *15-16 (S.D. Miss., Aug. 9, 2018)*; see also Blackstone v. Ortiz*, No. 16-8600,( 2018 U.S. Dist. LEXIS 78945, 2018 WL 2148846, *8 (D.N.J. May 9, 2018) (severing and transferring claims against out-of-state prison officials to appropriate venue pursuant to 28 U.S.C. § 1406(a)); *Fisher v. United States*, No.

CV 14-6499, 2015 U.S. Dist. LEXIS 131689, 2015 WL 5723638, *1 (C.D. Cal. June 18, 2015), report and recommendation approved, 2015 U.S. Dist. LEXIS 131666, 2015 WL 5705926 (C.D. Cal. Sept. 29, 2015) (severing and transferring claim against out-of-state prison doctor under Fed. R. Civ. P. 21 due to misjoinder); *Peterson v. United States*, No. 6:14-cv-134, 2015 U.S. Dist. LEXIS 7461, 2015 WL 278093, *7 (E.D. Ky. Jan. 22, 2015) (severing and transferring claims against out-of-state prison officials pursuant to Fed. R. Civ. P. 21 due to misjoinder); *Sheffield v. Rios*, No. 1:09-cv-1851, 2012 U.S. Dist. LEXIS 36804, 2012 WL 928717, *5 (E.D. Cal. Mar. 19, 2012) (finding claims improperly joined where prisoner alleged inadequate medical care at different federal prisons at hands of different defendants).

The claim against Smith may be transferred pursuant to 28 U.S.C. § 1631, which permits transfer in the interest of justice to cure want of jurisdiction. The interest of justice supports transfer because Faber has a current civil action pending in the Western District of Michigan against Terrance Smith, *Faber v. Smith*, Civil Action No. 19-24 (W.D. Mich., January 10, 2019).  The claim raised herein can be transferred and consolidated with the current matter pending in that district.

## III.
### CONCLUSION

For the reasons stated above, the *Bivens* claim against Terrance Smith, which arose in Kalamazoo Michigan, located in the judicial district of the United States District Court for the Western District of Michigan, should be severed and transferred to the Western District of Michigan.

Accordingly,

**IT IS RECOMMENDED** that the *Bivens* claim against Terrance Smith should be severed and transferred to the United States District Court for the Western District of Michigan.

THUS DONE AND SIGNED in Chambers this 15th day of October, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE