UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ROBERT ANDY FABER** : **DOCKET NO. 19-cv-0199**
**#86204004** **SECTION P**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**USA, ET AL.** : **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court is the original and amended complaints [docs. 4, 9, 11] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), and, alternatively, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, by Robert Andy Faber, who is proceeding pro se and in forma pauperis in this matter.

**I.**
**BACKGROUND**

Faber's complaint relates to events that allegedly occurred at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO") and in Kalamazoo, Michigan, and he names as defendants the United States of America, United States Probation Officer Terrance Smith, Heather Howard, former HSA at FCIO, and Joel Alexander, Medical Director at FCIO. The *Bivens* claim against Terrance Smith, which arose in Kalamazoo Michigan, located in the judicial district of the United States District Court for the Western District of Michigan, were severed and transferred to the Western District of Michigan. *See* Doc. 24.

On October 15, 2019, the undersigned ordered Faber to amend his complaint to provide additional information regarding his claims against the remaining defendants. Rec. Doc. 20. On

October 28, 2019, Faber's motion for additional time to file an amendment [doc. 21] was granted and he was given until December 6, 2019 to file same [doc. 23]. The order granting the extension was mailed to Faber at the last known address provided to the Court yet was returned as undeliverable on November 15, 2019. Doc. 25. Faber has not filed an amended complaint, nor has he notified the Court of an address changed.

## II.
## LAW & APPLICATION

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Faber has failed to comply with an Order directing him to amend his complaint. This failure on his part warrants dismissal.

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

## III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Faber's complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 8th day of January, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE